UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEUNORA RINDERMAN,

            Plaintiff,

-against-

WILMINGTON SAVINGS FUND SOCIETY, FSB as Owner Trustee of the Residential Credit Opportunities Trust V-C,

            Defendant.

**MEMORANDUM AND ORDER**
Case No. 1:24-CV-4619

*Appearances:*
*For the Plaintiff:*
JILL CORI SCHAEFER
Petroff Amshen
1795 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11230

*For the Defendant:*
STEPHEN J. VARGAS
Friedman Vartolo LLP
1325 Franklin Avenue, Suite 160
Garden City, NY 11530

**BLOCK, Senior District Judge:**

      Plaintiff Leunora Rinderman[1] ("Plaintiff" or "Rinderman") brings this action against Wilmington Savings Fund Society, FSB as Owner Trustee of the Residential Credit Opportunities Trust V-C ("Defendant"), seeking, *inter alia*, a determination of claims to real property pursuant to Article 15 of the New York

---

[1] The Court has been informed that Plaintiff passed away on February 26, 2025. ECF No. 19. Plaintiff's son, Ryan Rinderman, will be named administrator of her estate and substituted as plaintiff in this action upon receiving the necessary letters of administration. *Id.* Plaintiff's counsel is cautioned that the motion to substitute must be made "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1).

1

Real Property Actions and Proceedings Law ("RPAPL"). Defendant now moves to dismiss Plaintiff's complaint (the "Complaint") for failure to adequately allege subject matter jurisdiction predicated on diversity jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, Fed. R. Civ. P. 12(b)(6). The Court shares Defendant's concern regarding whether Plaintiff has sufficiently pled Defendant's citizenship for diversity jurisdiction as required by 28 U.S.C. § 1332.

"Subject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under . . . Rule 12(b)(1) and 12(b)(6), the . . . court must address the 12(b)(1) motion first."[2] *Saleh v. Holder*, 84 F. Supp. 3d 135, 138 (E.D.N.Y. 2014). "To establish subject matter jurisdiction under 28 U.S.C. § 1332, as implicated here, plaintiff[] bear[s] the burden of making a preponderance showing, *inter alia*, of 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants." *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017). "It is also well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).

---

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

The Complaint and evidence submitted by both parties do not permit the Court to determine Defendant's citizenship. The Court thus, at this point, cannot ascertain whether the Court has diversity jurisdiction over Plaintiff's claims.

Plaintiff, a citizen of New Jersey, Compl. ¶ 3, ECF No. 1, pled that Defendant "is authorized to conduct business in the State of New York," *Id.* at ¶ 4. Defendant asserts that, because it is sued in its capacity as trustee of Residential Credit Opportunities Trust V-C (the "Trust"), diversity jurisdiction hinges on the citizenship of the Trust's beneficiaries, not its trustee. Plaintiff now retorts that the citizenship of the trustee controls where the trust has no power to sue. The question is: when a trustee is sued in its capacity as a trustee, should courts evaluate diversity jurisdiction in reference to the citizenship of the trust's trustees or the trust's beneficiaries?

When a defendant is sued in its capacity as a trustee, the trust's citizenship controls.[3] *Loubier*, 858 F.3d at 731. "A trust's citizenship in turn depends upon the nature of the trust." *Psalms Creative, LLC v. Beacon Inv. Holdings,* LLC, No. 1:25-CV-2135, 2025 WL 1268862, at *2 (S.D.N.Y. Apr. 30, 2025). The citizenship of "a traditional trust that establishes only a fiduciary relationship and that cannot sue or be sued in its own right" turns only on "the citizenship of the trustees holding the

---

[3] The Second Circuit has rejected the argument that "in a trust case, diversity analysis turns upon whether the trusts or the trustees are the named parties" because such rule "would only encourage artful pleading[.]" *Loubier*, 858 F.3d at 731.

3

legal right to sue on behalf of the trusts, not that of beneficiaries." *Loubier*, 858 F.3d at 729–30. Conversely, a non-traditional "trust" is "a separate legal entity that itself can sue or be sued" and thus "possesses the citizenship of all of its members." *Id.* at 728–29 (quoting *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016)). Courts determine a trust's nature by looking to its terms and the state laws governing its operation. *Stets v. Stets*, No. 18-CV-1401, 2020 WL 9439459, at *6 (E.D.N.Y. Nov. 25, 2020), *report and recommendation adopted*, Minute Order (E.D.N.Y. May 5, 2021); *see, e.g.*, *Loubier*, 858 F.3d at 722 (considering "trust agreements" in evaluating trust's citizenship); *U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC*, No. 13-CV-1598, 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017) (looking to New York law to determine that "an express New York common law trust . . . cannot sue or be sued").

The Court cannot determine Defendant's citizenship from the Complaint or any submitted evidence. But the Court will not shut its doors over a jurisdictional doctrine that, "despite over two centuries of federal litigation involving trusts," remains "long unsettled and the subject of much debate." *Loubier*, 858 F.3d at 725. Jurisdictional discovery appears appropriate in such situations.[4]

---

[4] "Courts have routinely ordered jurisdictional discovery where a complaint's allegations, taken as true, would fail to establish diversity jurisdiction." *Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC*, No. 20-CV-731, 2020 WL 7711629, at *3 (S.D.N.Y. Dec. 29, 2020) (collecting cases).

4

Accordingly, the Court orders limited jurisdictional discovery, to be supervised by Magistrate Judge Cheryl L. Pollak, for evidence of (a) the terms and laws governing the Trust, and, by evidence or affidavit, (b) Defendant's own citizenship under 12 U.S.C. § 1464(x), and (c) the identity of the Trust's beneficiaries. Upon completion of jurisdictional discovery, Plaintiff may amend the Complaint to address jurisdictional defects. At that time, Defendant may renew its motion to dismiss, which the Court now administratively denies without prejudice.

**SO ORDERED.**

      /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 13, 2025